*In re* RAYMOND C. O'NEILL

No. ——.          Decided June 9, 1967.

*Raymond C. O'Neill pro se.*

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On December 16, 1965, the American Defender Life Insurance Co., a corporation organized under the laws of the State of North Carolina, issued a certificate of the corporation consenting to be sued in Puerto Rico for any cause of action against it which might originate in Puerto Rico, and to be summoned for any court proceeding through the Commissioner of Insurance of Puerto Rico or through its general agent, the Condado Insurance Agency, a domestic business agency in charge of its affairs in Puerto Rico. Said instrument was authenticated in the city of Fayetteville (Cumberland), on the same date of its issuance by the Notary of the State of North Carolina, Grace L. Smith.

On December 22, 1965, the Security Title S. Guaranty Company of New York, a corporation organized under the laws of the State of New York, issued a certificate of the corporation consenting to be sued in Puerto Rico for any cause of action against it which might originate in Puerto

Rico, and to be summoned for any court proceeding through the Commissioner of Insurance of Puerto Rico or through its general agent, and the Mortgage Title Insurance, Inc., domestic corporation in charge of its affairs in Puerto Rico. Said instrument was authenticated in the city of New York, on the same date of its issuance, by the Notary of the State of New York, Mr. A. Ralph C. Weffer.

After said two certificates were filed with the Office of the Commissioner of Insurance, in their original form, they were remanded for lack of protocolization pursuant to the provisions of Act No. 62 of May 8, 1937—4 L.P.R.A. § 923 (pp. 605–606, 1965 ed.). Having being protocolized by deed No. 3 of January 5, 1966 and No. 2 of January 5, 1966, before the Notary of Puerto Rico, Raymond C. O'Neill, the notarial copies of such protocolization were remanded by the same office because they had not been recorded in the Registry of Powers of Attorney of this Court. When they were presented for registration before the Registry of Powers of Attorney on January 12, 1966 they were recorded but the Notary was requested to explain his reasons for not having notified the Registry within the seventy-two hours following their execution about said protocolizations, pursuant to the act.

In answer to that request, Notary Raymond C. O'Neill alleges (1) that the above-mentioned instruments, subject to the two notarial protocolizations, are not powers of attorney properly speaking, but rather consents to be sued in Puerto Rico and the designation of the Commissioner of Insurance or of an agent so that they may receive the summons for any claim against the companies which might originate in Puerto Rico; (2) that even though the protocolized instruments would be considered as powers of attorney, it is not necessary to protocolize a power of attorney executed outside Puerto Rico when said power of attorney does not affect operations related to real property rights.

654

1-2—Section 3 of Act No. 62 of May 8, 1937, as amended by Act No. 25 of May 3, 1954—4 L.P.R.A. § 922, pp. 604–605, 1965 ed.—provides: "It shall be the duty of every notary, before whom a deed to constitute, modify, extend, substitute, renounce, revoke, or renew a power of attorney is executed, to send to the Secretary of the Supreme Court of Puerto Rico, within the seventy-two hours following the execution thereof, a notice certified under his seal, setting forth therein the name or names of the grantor or grantors and of the witnesses, and the date, number, and nature of the deed, specifying the person to whom the power of attorney is granted, extended, modified, or revoked; in case of substitution of the power of attorney, the name of the person substituted and of the attorney-in-fact shall be stated in said notice, and in cases of renunciation of the power of attorney, the name of the constituent thereof shall be given; Provided, That it shall be the duty of the Secretary of the Supreme Court to acknowledge to the notaries the receipt of the said notice and to proceed · immediately after the receipt thereof to make the corresponding entry in the register prescribed in section 924 of this title."

Section 4 of Act No. 62 of May 8, 1937—4 L.P.R.A. § 923, pp. 605–606, 1965 ed.—provides: "No instrument to constitute, modify, extend, substitute, renounce, or revoke a power of attorney, executed outside the Commonwealth shall be effective in Puerto Rico unless it is first protocolized in Puerto Rico; and it shall be the duty of the notary protocolizing such deed to comply with the provisions of section 922 of this title, as if the instrument the subject of the protocolization had been executed before him."

Now then, the two instruments to which this opinion refers are those required by § 3.170(1)(j) of Act No. 77 of June 19, 1957—26 L.P.R.A. § 317(1)(j), pp. 29–30, 1958 ed.—which provides: "The insurer shall also file or deposit

with the Commissioner [of Insurance]: (a) copy of the resolution of its board of directors or other governing body, determining to transact insurance in Puerto Rico and designating the officer or officers of the insurer who shall have authority from time to time to inform the Commissioner as to the kind or kinds of insurance to be so transacted. Such copy shall be certified by the insurer's secretary and be authenticated by its corporate seal, if any.

.    .    .    .    .    .    .    .

"(j) Designation of the insurer's manager or general agent to be resident in and have charge of its affairs in Puerto Rico, together with the written acceptance of the general agent, if any. Such general agent may be either a natural or artificial person. If the general agent is a partnership, the acceptance shall be subscribed by all the partners. If the general agent is a corporation, the acceptance shall be executed by its president, and shall be accompanied by a certified copy of the resolution of its board of directors authorizing acceptance of such general agency. The Commissioner shall furnish the designation form." It is understood that the terms "manager" and "general agent" have the ordinary meaning given to them in the Insurance Code of Puerto Rico.

The respondent Notary is correct in his argument before us, that the instruments described at the commencement of this opinion are not powers of attorney, properly speaking, as conceived by private law, but rather, consents for the insurers to be sued in Puerto Rico, with the designation of the government officials and agents, on whom the summons should be served for any claim against the company, which might originate in Puerto Rico for nonperformance of its legal obligations. It is a printed document, furnished by the Commissioner of Insurance himself, which contains only the description of the powers granted to agents

656

by the Insurance Code of Puerto Rico itself, and since it is a public instrument drafted pursuant to the provisions of an act, it does not require for its validity the execution of a private power of attorney, with its corresponding protocolization and entry in our Registry of Powers of Attorney. Pursuant to the Insurance Code of Puerto Rico, it is with the offices of the Commissioner of Insurance of Puerto Rico and not with the Registry of Powers of Attorney of this Court, that both, the authorization to be sued and the designation of the agents for the service of summons, should be filed. Further, it is the same Insurance Code of Puerto Rico which authorizes the service of summons on the Commissioner of Insurance of Puerto Rico in the absence of an authorized company's agent. It is better to keep the house in order and to distribute our representation titles pursuant to the purposes of each act and the agencies created for their administration.

For the reasons stated said Notary is relieved from any liability established by our Order of May 18, 1959.